**Roberto ESTRADA–LERMA,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–70523.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Roberto Estrada–Lerma, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's denial of his application for cancellation of removal. We have ju-

---

risdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

EstradaLerma contends that the IJ erred as a matter of law in concluding that he failed to satisfy the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). This contention is without merit.

Estrada–Lerma conceded through counsel before the IJ that he departed the United States pursuant to an order of voluntary departure on November 8, 2000. Accordingly, the IJ properly concluded that Estrada–Lerma failed to demonstrate the requisite ten years of continuous physical presence for cancellation of removal. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam) (holding that a departure pursuant to an order of voluntary departure constitutes a break in continuous physical presence).

Although Estrada–Lerna acknowledges the holding in *Vasquez–Lopez,* he contends that *Vasquez–Lopez* was incorrectly decided. To the extent Estrada–Lerma urges us to revisit that holding, we cannot do so because a three-judge panel lacks authority to overrule Ninth Circuit precedent. *See United States v. Lucas,* 963 F.2d 243, 247 (9th Cir.1992). Moreover, a petition for rehearing en banc in *Vasquez–Lopez* previously failed to receive a majority of the votes of the nonrecused active judges. *See Vasquez–Lopez,* 343 F.3d 961 (9th Cir. 2003) (order). Thus, *Vasquez–Lopez* is the law of this circuit.

**PETITION FOR REVIEW DENIED.**

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.